UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| LINDA W. DUDLEY | * | CIVIL ACTION NO. 07-1483 |
|---|---|---|
| VERSUS | * | |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED** and the matter **REMANDED** for further proceedings.

### Background & Procedural History

On May 31, 2006, Linda W. Dudley filed the instant applications for disability insurance benefits and supplemental security income payments. (Tr. 48-53). She alleged disability since January 1, 2006, due to gout, asthma, COPD, and arthritis. (Tr. 48, 61). The claims were denied at the initial stage of the administrative process. (Tr. 22-23, 25-32). Thereafter, Dudley requested and received a February 13, 2007, hearing before an Administrative Law Judge ("ALJ"). (Tr. 137-158). However, in an April 26, 2007, written decision, the ALJ determined that Dudley was not disabled under the Act, finding at Step Five of the sequential evaluation process that she was able to make an adjustment to other work that exists in substantial numbers

in the national economy. (Tr. 10-21). Dudley appealed the adverse decision to the Appeals Council. On August 2, 2007, the Appeals Council denied Dudley's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5).

On September 6, 2007, Dudley sought review before this court. She alleges that the ALJ's residual functional capacity assessment is not supported by substantial evidence.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

**Determination of Disability**

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)   If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See, *Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Dudley suffers from severe impairments of rheumatoid arthritis, asthma, and hypertension. (Tr. 15). However, he concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. (Tr. 15-16).

The ALJ next determined that Dudley retained the residual functional capacity to perform the full range of light work. (Tr. 17-19).[1] Plaintiff contends that the ALJ's assessment is not

---

[1] Light work entails:
. . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide

4

supported by substantial evidence. The court agrees.

On July 22, 2006, Sean Troxclair, M.D. examined plaintiff at the request of Disability Determination Services. (Tr. 105-107). Troxclair noted swelling and tenderness in Dudley's hands, left knee, and right ankle. *Id*. He further observed that she had a normal gait, and adequate fine motor movements, dexterity, and ability to grasp objects bilaterally. *Id*. However, she was unable to bend and squat. *Id*. Troxclair diagnosed likely degenerative arthritis and possible rheumatoid arthritis. *Id*. He did not believe that Dudley could sit, walk, and/or stand for a full workday. *Id*. She also could not carry or lift objects of 20 pounds or more. *Id*. Troxclair recommended that Dudley be formally evaluated by a rheumatologist. *Id*.

Recognizing that the limitations assigned by Dr. Troxclair were inconsistent with his assessment, the ALJ endeavored to discount Troxclair's findings.[2] The ALJ provided two bases to discount the opinion of the consultative examiner. First, he asserted that the limitations recognized by Dr. Troxclair addressed an issue reserved for the Commissioner. (Tr. 19). However, the regulations provide that the Commissioner will consider medical reports from acceptable medical sources in its assessment of what the claimant can still do despite her impairments. *See e.g.*, 20 C.F.R. § 404.1513, 404.1545.[3] In fact, plaintiff saw Dr. Troxclair at

---

> range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[2] An ALJ cannot reject a medical opinion without an explanation supported by good cause. *See, Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir.2000) (citations omitted).

[3] Contrast, statements that a claimant is "disabled" or "unable to work" which are afforded no special significance under the regulations. 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003).

5

the request of the state agency.

Second, the ALJ asserted that Dr. Troxclair's limitations were more restrictive than the totality of the medical evidence. However, the remaining medical evidence primarily constitutes treatment notes and diagnostic tests which confirm plaintiff's medically determinable impairments, but do not otherwise assess the effects of those impairments.[4] The only other medical source to have assessed the limitations imposed by plaintiff's impairments is the non-examining agency physician who recommended a residual functional capacity for light work limited to four hours of standing. (Tr. 111). However, the full range of light work requires the ability to walk or stand for approximately *six* hours in an eight hour day. *Weary v. Astrue*, 2008 WL 3820989 (5th Cir. Aug. 15, 2008) (unpubl.). Thus, the non-examining physician's findings are also inconsistent with the ALJ's residual functional capacity assessment.[5]

In sum, the ALJ has not provided good cause for rejecting the limitations recognized by the consultative examiner. In addition, even if the ALJ had successfully discounted Dr. Troxclair's statement, the remaining record is devoid of any other assessments by qualified medical personnel (or other compelling record evidence)[6] to support the ALJ's assessment. In fact, in connection with her request for review before the Appeals Council, plaintiff submitted a

---

[4] The court notes that plaintiff was hospitalized on at least two occasions during the relevant period for joint and/or chest pain. (Tr. 130-131, 135-136).

[5] To the extent that the non-examining agency physician's assessment is more benign than Dr. Troxclair's findings, the undersigned observes that the former assessment must defer to the latter. "[A]n ALJ may properly rely on a non-examining physician's assessment when ... those findings are based upon a careful evaluation of the medical evidence and *do not contradict those of the examining physician*." *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoting, *Villa v. Sullivan,* 895 F.2d 1019,1024 (5th Cir. 1990)) (emphasis added).

[6] Plaintiff's own testimony does not support the ALJ's residual functional capacity assessment. (*See e.g.*, Tr. 147-150).

May 10, 2007, letter from rheumatologists, Seth Berney, M.D. and Rashmi Arora, M.D., which confirmed a diagnosis of rheumatoid arthritis. (Tr. 136C). The diagnosis was supported by Dudley's subjective complaints and objective tests. *Id*. Drs. Berney and Arora opined that her condition would affect her ability to lift, stand, and walk for extended periods of time, and cause difficulties with fine motor movements. *Id*. They were unable to predict how long her limitations were expected to last because it depended on how she responded to treatment. *Id*.

The May 10, 2007, letter constitutes part of the instant record – provided that it is new, material and related to the period before the ALJ's decision. *See, Higginbotham v. Barnhart* 405 F.3d 332 (5th Cir. 2005); 20 C.F.R. § 404.970(b).[7] There is no question that the evaluation is new and material. *See*, discussion, *supra*.[8] Although the letter is dated the day after the ALJ's decision, it addresses plaintiff's ongoing treatment since September 2006. (Tr. 136C). Thus, the medical source statement is relevant to the time period at issue. The new evidence further undermines the ALJ's residual functional capacity determination.

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court

---

[7] *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human Servs.* as support for its finding that post-ALJ evidence is to be considered part of the record. *See, Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia*, *Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir.1996) and *Wilkins v. Sec'y, Dept. of Health Human Servs.*, 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)). Both *Perez* and *Wilkins* require that the subsequent evidence be new, material and relevant to the pre-ALJ decisional period. *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. § 404.970(b)).

[8] The Commissioner argues that the rheumatologists' letter is based upon plaintiff's subjective complaints and is conclusory. However, "the ALJ's decision must stand or fall within the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (citation omitted). Here, the Appeals Council provided no specific rationale for discounting the new evidence. (Tr. 3-4).

further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is also not supported by substantial evidence. For the foregoing reasons,

The Commissioner's decision is **REVERSED**, and the matter **REMANDED** for further proceedings in accordance with this opinion.[9]

THUS DONE AND SIGNED, in Monroe, Louisiana, on the 23rd day of September, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[9] Plaintiff urges the court to reverse with instructions to award benefits because plaintiff purportedly meets Listing 14.09. The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits). The instant record is not so disposed. Upon remand, the ALJ will be able to consider the May 10, 2007, letter in the first instance, and re-contact the treating rheumatologists, as necessary, to properly gauge the effects of plaintiff's impairments.